FILED

JAN -5 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

Plaintiff Lowell Q. Green #518677

V.

Defendant Bobby Lumpkin - Director of TDCJ

Case No. SA23CA0023 FB

_____

Please see document attached

GREEN V. UNITED STATES, NO. 4:18CV2453; CONTEMPT. 18 USC § 401
WR-82,981-07

Page 1 of 18

1. Texas Constitution Art. 1, § 10 Right of ~~interlocutory appeal~~ Indictment is a Constitutional guarantee (~~presentment~~) "No citizen can be deprive of his liberty by the judge, prosecutor, Public Defender trying a fundamentally & defective indictment ~~Before Habeas Corpus~~. Tex. Code of Crim. Proc. Art. 3.04 <u>Official Misconduct</u> cannot be ignored by the Texas Court of Criminal Appeals "<u>willful blindness</u>"

I. <u>ACTUAL INNOCENCE:</u>

2. WRONGFUL CONVICTION. Record Claims. Article 11.07 writ for habeas corpus relief, is mandatory, not discretionary. The writ of habeas corpus is provided by the Texas Constitution and "is the remedy ~~to be~~ used when any person is restrained in his liberty." TEX. CONST. art. 1, § 12, TEX. CODE CRIM. PROC. art. 11.01.

II. <u>FACTS:</u>

3. The State of Texas V. LOWELL DEQUINCY GREEN, 283rd

Page 1. see other side

District Court of Dallas County, Texas. B/M
DOB: 05/13/1965   3753 BERNAL DRIVE   F89-97008-H
did then and there unlawfully

4. knowingly and intentionally operate a motor-propelled vehicle, namely: an automobile without the effective consent of Richard Elliott, the owner, thereof. Against the Peace and Dignity of the State. JOHN VANCE Dallas County Criminal District Attorney APRIL 1989   Janet Hester
Foreman of the Grand Jury

5. The Honorable Jack Hampton, accepted a fundamentally defective indictment cause no. F89-97008-H "does not" allege Tex. Penal Code Ann. § 31.07 Unauthorized Use of Richard Elliott's "Light Blue Cadilliac Automobile" unlawfully, intentionally or knowingly on or about May 23, 1989, Moreover, the State failed to allege the "Value" of the "automobile". APRIL 1989; the State of Texas failed to

Page 2.

allege the prior conviction 292nd District Court of Dallas County, Texas December 16, 1986 Lowell DEQUINCY GREEN cause no. F86-69827-LV Unauthorized use of a motor-propelled vehicle, namely: an automobile. (6) years (Plea-Bargain) offense Date: November 19, 1986. TDC Received January 1987. Issued TDC #440123 (void) Judgment, fundamentally defective indictment (omitted) the (Complainant name) and (Dark Blue Grand AM Poniatic Automobile), and the value of the Automobile (void).

(6) The State failed to allege 291st District Court of Dallas County, Texas November 17, 1982 LOWELL DEQUINCY GREEN cause no. F82-90247-RU, Aggravated Robbery. (5) years (Plea Bargain) offense Date: September 21, 1982

(7) 2#7682 (void) the State failed to allege property (purse); the State introduced Burglary of a Habitation, September 21, 1982, Irving Police Department Detective Renfro (5) year (Plea-Bargain) November 17, 1982 (void) (omitted) property

Page 3, See other side

(E.V.) and (Value). Moreover, September 21, 1982, LOWELL DEQUINCY GREEN was on Probation (Community Supervision) (4) Years (July 1982) Burglary of a Building Brancato's Store, the State used this conviction as a base to enhance Cause no. F82-90247-RU, TDC# 346775 TDC Received December 1982 (void).

(8) Lowell DeQuincy Green Probation, was illegal because October 1980 Aggravated Robbery with a Deadly Weapon, to-wit: a Knife, 15 years old Texas Youth Commission (TYC) (Giddings State Reformatory School),

(9) Paroled October 1986 (3753 Bernal Drive, Dallas, Texas 75212 and July 1982 Burglary Building Brancato's Store (4) Years (Probation) (void) without Juvenile Examining Trial (Certification), Tex. Code of Crim. Proc. Ann. art. 21.01. n. 11. Examining Trial. Ex Parte

Page 4.

LeBlanc, 577 S.W.2d 731 (Cr.App. 1979)

<u>Indictment And Information</u> - 9. While it is not unconstitutional nor improper for a grand jury to return an indictment against an adult discharged at an examining trial, such is not possible in the case of a juvenile because the three final steps that Legislature has provided must be accomplished before a juvenile may be tried as an adult. See <u>Breed v. Jones</u>, 421 U.S. 519, 529-30 (1975) (Double Jeopardy Clause applicable to juvenile adjudication to determine whether juvenile violated criminal law because determination results in stigma and deprivation of liberty associated with adult criminal conviction

(10). ~~conviction~~. WR-82,981-07 (283rd District Court of Dallas County, Texas, cause no. F82-90247-RV (void) conviction July 1982 (Burglary Bldg.Store) (4 years Adult Probation), November 4, 1984 (void) (5 years Burg. Habitation), Aggravated Robbery (void) (5 years Texas Department of Correction (Dec. 1982)

Page 5. See other side.

TDC#346775 (TX 2360650) LOWELL DEQUINCY GREEN, Tex. Code of Crim. Proc. Ann. art. 42.01, §1 The written judgment must follow the indictment Cause no. F82-90247-RU, 291st District Court of Dallas County, Texas, Concurrent Cause no. 2012-791-C2 54th District Court of Mclennan County, Texas, September 16, 2013 (25) years Aggravated Robbery,

11. Tex. Penal Code Ann. §29.03 Finding on Deadly Weapon; N/A (Acquittal)

12. Finding On Enhancement: N/A (illegal) (25) years even as to the defendant's Name. Schultz v. State, (1867) 30 Tex. 508, Offense Date: February 05, 2012, Skinny's Convenience Store Jessica Espinoza,

13. Arrest Date: March 24, 2012, John Finch • Theft of property "unknown"

14. Magistrate Judge Martin $450,000. Bond

15. Detective Kristina Wood/Tuff Filed

March 27, 2012 Aggravated Robbery with a a deadly weapon, to-wit: Knife,

(16) April 18, 2012 Public Defender Lawrence E. Johnson, Ms. Henderson, Defense Investigator D. Youngblood, Dr. Baker McLennan County Mental Health, Dr. Marks (Incompetency)(Dr. Lutor)(Insanity) Court Ordered Examination Cause No. 2012-791-C4.

Medina v. California, 505 U.S. 437, 439 (1992)

("It is well established that the Due Process Clause of the Fourteenth Amendment prohibits the criminal prosecution of a defendant who is not competent to stand trial").

(17) Lowell Quincy Green, WR-82,981-04 (Tex. Crim. App-April 1, 2015) Cause No. 2012-791-C2, Judge Matt Johnson, Abel

Page 7, See other side,

Reyna, Brandon Lucy, Sterling Harmon, Public Defender Lawrence E. Johnson violated 18 USC §§ 241, 242. Parole Officer Lee Wilson, Gina Gilford, Charles McClesney, McLennan Co, Morrissey v. Brewer, 408 U.S. 471 (1972) Nor shall any State deprive any person of life, liberty, or property, without due process of law. U.S. Const. amend. XIV. Ex parte Martinez, 742 S.W.2d 289 (Tex. Crim. App. 1987. (Aggravated Robbery) while free on parole. Art. 11.07. We granted relief because his parole was revoked without an opportunity to be heard violated his due process and due course of law as guaranteed by U.S. Const. amend. XIV and Tex. Const. ~~art.~~ art. 1, §19. Ex parte Williams, 738 S.W.2d 257 (Tex. Crim. App. 1987) (Writ) granted Art. 11.07,

Page 8.

Page 9 of 18

18. Green v. Stephens, No. 6:16-CV-290 (W.D. Tex. Waco Division) (WZ-82,981-04) (2012-791-CZ) (ALL) Exhibits Sept. 15, 2015. Clerk, Jeanette Clark, U.S. Dist. Judge ROBERT L. PITMAN, "Maliciously" Time barred Committed "TREASON", under Marbury v. Madison. 5 U.S. (1 Cranch), 137, 163 (1803) First Came the United States Constitution Art. VI supremacy Clause. NO judge, or clerk have the authority to violate the United States Constitution. 18-50044 (5th Cir) Green v. Stephens/Davis. No. 6:16-CV-290 Document: 00514538071 (violated) Federal law, When a State obtains a Criminal Conviction in a trial in which the accused is deprived of the effective assistance of Counsel, the "State.... unconstitutionally deprives the defendant

Page 9. See other side

of his liberty". Cuyler, 446 U.S. at 343. The defendant is thus in custody in violation of the Constitution". 28 USC § 2254(a), and Federal Courts have jurisdiction over his claim. We hold that Federal Courts may grant habeas relief in appropriate cases, regardless of the nature of the underlying attorney error.

(9.) Green v. State, No. 10-16-00440-CR ADD-Waco Jan. 11, 2017) Cause no. 2012-791-C2 (en banc) "NO" Deadly Weapon Finding Chief Tom Gray, Justice Rex D. Davis, and Justice Al Scoggins. Acquittal (Mandates, May 09, 2017. FINAL JUDGMENT. Art. 1, §14 (Double Jeopardy) Texas Constitution/ "NO person for the same offense, shall be twice put in jeopardy of life or limbs, liberty, nor shall a

Page 11 of 18

person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction. The Legislature incorporated this protection, verbatim, into the Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 1.10

The Fifth Amendment to the United States Constitution includes the following:" nor shall any person be subject for the same offense be twice put in jeopardy of life or limb." Under Federal Double Jeopardy Clause jeopardy attaches in a bench trial when the judge begins to receive evidence. United States v. Martin Linen Supply Co., 430 U.S. 564, 569 (1977); Serfass v. United States, 420 U.S. 377, 388 (1975); McCarthy v. Zerbst, 85 F.2d

Page 11. (see other side)

~~An eyewitness record been buy it as~~

640, 642 (C.A. 10 1936) At that point, in my judgment, Green was entitled to a finding of not guilty and a judgment of acquittal. Article 1.15, V.A.C.C.P. embraces pleas of guilty since 1966. Thus it is incumbent upon the State "to introduce evidence into the record showing the guilt of the defendant." Tex. Code of Crim. Proc. Ann. art. 42.07 (Allocution) ⑨ Before pronouncing sentence, the defendant shall be asked whether he has anything to say why the sentence should not be pronounced against him. The only reasons which can be shown on account of which sentence cannot be pronounced are:

Page 13.

(1) That the defendant has received a pardon from the proper authority on the presentation of which legally authenticated, he shall be discharged ~~[scribbled out]~~. The State of Texas v. Lowell Quincy Green. Cause no. 2012-791-C2, September 16, 2013, 54th District Court of McLennan County, Texas. (WACO) TX551200 Agency Case - 9199136805 Theft of Property, $ 50.00 < $500.00 Pen. Code 31.03(E)(2)(A)

* Misdemeanor (wrong) Court, illegal (25) years
* Cause no. 20134495CR NBR MSD Stripes Convenience Store. Tex. Penal Code Ann. § 1.07(41)(35) Corporation Jessica Espinoza. ~~[scribble]~~
* Judge Matt Johnson Finding on Deadly Weapon: N/A (EXONERATION) Pardon, Brandon Luce, State of Texas. Attorney, Made no objection, he signed the (void) Judgment (Allocution),

(2) That the defendant is incompetent to stand trial and if evidence be

shown to support a finding of incompetency to stand trial, no sentence shall be pronounced, and the trial court shall proceed under Chapter 46B
* ( <u>Dr. Baker Mental Health</u> )( <u>Dr. Marks. Incompetency</u> )
* ( <u>Dr. Carter. Insanity</u> ) Rule that the trial court should conduct a sanity hearing whenever the evidence raises a bona fide doubt as to an accused's competency to stand trial was applied retroactively, entitled an inmate to habeas corpus relief under Tex. Code Crim. Proc. Ann. art. 11.07 <u>Ex part B Hufford, 536 S.W.2d 230, 1976 Tex. Crim. App. LEXIS 944 (Tex. Crim. App. 1976. no writ)</u>. When the State failed to discharged its burden to prove allegations in the indictment the trial court had

Page 14.

no alternative but to acquit appellee, See McClendon v. State, 583 S.W.2d 777, at 779-78 (Tex. Crim. App. 1979); Bou-Chillon v. Collins, 907 F.2d 589, 592-94 (5th Cir. 1990)(habeas review should have been available because trial record suggested defendant probably suffered from post-traumatic stress disorder at time of plea and psychiatrist who examined defendant for habeas petition testified defendant incompetent at time of plea).

21.) Lowell Quincy Green v. United States of America, No. 4:18-cv-2435 (S.D. Tex. Houston July 17, 2018)/Gray H. Miller violated his Oath ~~removed~~ ~~treason~~

22.) 6:17cv-00716 (W.D. Tex. Waco July 15, 2021) (Alan D. Albright) violated his Oath, usurpation, treason, trespassing on the case, assault and battery. Carlson v,

Page 15. See other side.

v. Green. 446 U.S. 14, 18-19 (1980); 28 U.S.C. §§ 1346(b), 2671-80; 28 USC § 2679(b)(1)(d)(1)-(2) Carlson, 446 U.S. 14, 23 (1980), 28 U.S.C. § 2680(h) (emphasis supplied) (providing for liability for assault, battery, false imprisonment, false arrest, abuse of process, and malicious prosecution by federal law enforcement officer(s).

Prayer For Judgment on the Pleadings on Hon. Robert L. Pitman (Records) No. 6:16CV-290 (W.D.Tex. Sept. 15, 2015) entered S.D.Tex. Houston (WR-82,981-04) Cause No. 2012-791ZZ (ALL) Discovery David J. Bradley, U.S. District Court, PACES Administration Business of the Court Records. Transferred By Order of the Court to W.D.Tex. Waco Division Sept. 15, 2015 (Jeanetta Clark) received and

for Page 16.

Page 17 of 19

Honorable Robert L. Pitman "Maliciously" Dismissed Under Oath-of-Office - Abusing Federal Government (Powers) enforcing illegal Commitment of a Mental Ill Black Man "Cruel" and "Unusual" (Robert L. Pitman), Violated (ADA)(Mental Health) Hepatitis C (results)(Cirrhosis) Liver due to FALSE IMPRISONMENT. (Robert L. Pitman) "Treason". 42 U.S.C. § 12101 et seq., American with Disabilities Act (ADA) (Bipolar Disorder) 42 U.S.C. § 1997e(e) (Cirrhosis Liver) "Physical injury" Well-documented University of Texas Medical Branch - UTMB. Martinez (Reports)(Ultra-Sounds) Fields v. Oklahoma State Penitentiary, 511 F.2d 1109, 1112 (10th Cir. 2007). See also Green v. USA, NO. 6:21-cv-00716-ADA,

Page 17, See other side,

42 U.S.C § 9613(g)(2) Mandatory Collateral, Congress Mandate. The entry of declaratory judgment as to Liability. Plaintiff's (Liver) damage is worth $10 Million Dollars, Priceless $100 million Dollars, Holding.

Plaintiff Demand Payment Now, there is (NO) Disputes. Judgment on the pleading. 1/2/2023 the Clerk shall file and Serve. 1/2/2023 Now.

Respectfully Submitted

/s/ Lowell

Lowell Q. Green #518622
Connally Unit
899 FM 632
Kenedy, TX 78119

January 2, 2023

FALSE IMPRISONMENT CONNALLY UNIT!

Page 18